# UNITED STATES of America

## v.

## Herman WALLER, Appellant.

### No. 79–1211.

United States Court of Appeals, Third Circuit.

Argued Sept. 7, 1979.

Decided Oct. 5, 1979.

Russell J. Ober, Jr., Maureen I. Dunn Harvey (argued), Wallace, Chapas & Ober, Pittsburgh, Pa., for appellant.

Robert J. Cindrich, U. S. Atty., Faye M. Gardner, Asst. U. S. Atty., Edward J. Schwabenland (argued), Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and GIBBONS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM.

The appellant, Herman Waller, was charged with possessing stolen mail, forging a government check and uttering the forged check in violation of 18 U.S.C.

## 50

§§ 1708, 495 and 2. He was found guilty by a jury on all three counts. He argues that the trial judge's question in the presence of the jury on whether the appellant was going to testify constituted plain error. He also challenges the trial judge's charge on aiding and abetting. We disagree with the appellant's contentions and will affirm.

### I.

In the presence of the jury, the trial judge asked whether defense counsel was going to put the defendant on the stand:

> Mr. Ober: Your Honor, we would like to recall Agent Legan for just a couple of questions, if we may.
> The Court: All right. May I ask this question: Are you going to put your Defendant on the stand?
> Mr. Ober: Pardon me, your Honor?
> The Court: Are you going to put Mr. Waller on the stand?
> Mr. Ober: I—I really don't know, your Honor. Excuse me. I have to—I thought that after today's session there is a legal matter I want to bring to your attention, and I was going to make that decision after we have had a chance to do that. But we do have two other witnesses: this Agent and another Government employee.
> The Court: All right. Very good.

Transcript at 325.

The appellant argues that this constituted plain error. No objection was made by defense counsel to the court's question. Rule 52(b) of the Federal Rules of Criminal Procedure provides that plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. "This Court's power under Rule 52(b) is discretionary and may be exercised only to prevent a manifest miscarriage of justice." *United States v. Grasso*, 437 F.2d 317, 319 (3d Cir. 1970), *cert. denied*, 403 U.S. 920, 91 S.Ct. 2236, 29 L.Ed.2d 698 (1971).

The test for determining whether a remark constitutes an improper comment on an accused's failure to take the stand in his own behalf is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Chaney*, 446 F.2d 571, 576 (3d Cir.), *cert. denied*, 404 U.S. 993, 92 S.Ct. 543, 30 L.Ed.2d 546 (1971); *United States v. Dansker*, 537 F.2d 40, 63 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

The appellant argues that the trial judge's question "can only be construed as comments on his failure to testify" and "only impressed upon the jury that the decision whether to testify was significant to the trial judge." Brief for Appellant at 12. We disagree in view of the statements by the appellant's attorneys [1] who themselves "impressed upon the jury" his failure to testify. In her opening statement to the jury, appellant's counsel stated:

> ". . . you will not hear from the Defendant until after the Government has presented all of its evidence; and *you will hear from the Defendant.*
>
> As the Judge instructed you, the Defense need not put any evidence on at all. The reason for this is because Mr. Herman Waller, as is every defendant, is presumed innocent until proven guilty. Therefore, we need not introduce one, single witness in this case. But because we are interested in the truth, because we want you to understand all the facts in this case, we are going to introduce several witnesses. And you will have the opportunity at the close of the Government's case to see these witnesses which the Defense is going to put on."

Transcript at 3. (emphasis supplied). Defense counsel's closing statement to the jury again called attention to the appellant's failure to testify:

---

1. At trial, the appellant was represented by Russell J. Ober, Esquire and Maureen I. Dunn, Esquire. Ms. Dunn gave the opening statement to the jury and Mr. Ober gave the closing statement.

"Now, the attorney for the Government has suggested to you that reasonable doubt should be an honest doubt. And that is a true statement, of course, and I will suggest to you that that doubt arise fairly from the evidence. *Now, you may wonder why I did not choose to have Herman Waller testify. There's a very good reason for that, and let me tell you.*

*You, ladies and gentlemen, have been sitting here since Monday. You've heard on three separate occasions that the Defendant, Herman Waller, gave the same exact statement to three separate police officers. If you heard it again a fourth time, it really wouldn't make any difference* because I honestly believe—and I think my experience in trying cases of this sort bears me out—that if you are to find a reasonable doubt in a case such as this, ladies and gentlemen, it must fairly arise from the evidence, the Government evidence or the evidence given by reasonably impartial third-party witnesses called on behalf of the Defendant."

Transcript of the Opening and Closing Remarks of Counsel for the Defendant at 9–10 (emphasis supplied). The trial judge's inquiry, under these circumstances and in the context of the entire trial, cannot be taken as a comment on Waller's failure to testify.

Certainly we disapprove of any practice of inquiring from counsel in the presence of the jury whether a defendant is going to take the stand. In an unrushed fashion, a trial judge could easily make such an inquiry at side-bar. However, in reading the record, it appears that this was a spontaneous action in the trial judge's efforts to schedule the balance of the trial and was not "manifestly intended or . . . of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify."

*United States v. Chaney,* 446 F.2d at 576. If counsel had objected and asked for a curative instruction, we are confident that such an instruction would have eliminated any possibly adverse inferences. On the whole, there was no suggestion that a negative response to the judge's inquiry would be indicative of guilt.[2] We conclude that the trial judge's question did not constitute plain error.[3]

## II.

The appellant also challenges the trial judge's charge on aiding and abetting. The trial judge stated:

Now, in order to aid and abet another to commit a crime—that is, where a person does not do all of the things which causes a crime to be completed but only a portion of the various items that are required to complete the crime—that person would be known as an "aider" or "abettor."

In order to aid and abet another to commit a crime, it is necessary that the accused wilfully associate himself in some way with the criminal venture, and wilfully participate in it, as he would in something he wishes to bring about; that is to say, that he wilfully would seek, by some act or omission of his, to make the criminal venture successful.

An act or omission is wilfully done if it's done voluntarily and intentionally and with the specific intent to do something the law forbids, or with the specific intent to fail to do something which the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.

Now, you may not find this Defendant, Mr. Waller, guilty unless you find beyond a reasonable doubt that every element of

2. The trial judge's inquiry was never clearly answered. *See* Transcript at 325.

3. The appellant also argues that an interrupted answer of a government witness and the trial judge's subsequent questions to the witness rendered what may have been harmless error into plain error. The record reveals otherwise. *See* Transcript at 38–44. The witness was interrupted in the middle of an answer by defense counsel. As became clear subsequently, his testimony was not that the defendant refused to make a statement but that the defendant denied any involvement in the crimes charged. The trial judge's questions only benefitted the defendant since they assisted the witness in clarifying his answer.

the offense as defined in these instructions was committed by some person or persons, and that the Defendant participated in its commission.

Now, we're going to read the various counts against Mr. Waller, but I want to point this out: In the first count, there are three basic elements of the crime. If Mr. Waller is guilty of just committing one of those elements—if you find him guilty beyond a reasonable doubt by the evidence which is presented here—he would be guilty of the entire crime. Even though he only participated in committing only one of the elements and that the other elements were committed by another person, that would, nonetheless, mean that because Mr. Waller would be an aider and abettor under those circumstances. Assuming, of course, you are convinced beyond a reasonable doubt that he did commit that one element, and assuming that you were convinced beyond a reasonable doubt that the other two elements were, in fact, committed, then he could be found guilty.

Transcript at 397–398. In an attempt to fragment the charge, the appellant attacks the final paragraph cited above because it did not inform the jury that in order to find aiding and abetting, the appellant must have had knowledge of the substantive offense and intended to facilitate the commission of the offense. While the appellant is correct in noting that "[u]nknowing participation is not sufficient to constitute an offense under the aiding and abetting statute," *United States v. Newman*, 490 F.2d 139, 142–143 (3d Cir. 1974), we think that the trial judge's charge viewed in its entirety was a correct statement of the law. Having earlier stressed the requisite willfulness and intent for an aiding and abetting conviction, the trial judge's latter explanation was neither misleading nor erroneous.

For the foregoing reasons, the judgment of sentence will be affirmed.